IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| ACEY ABDUL REAVIS, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) Civil Action No. 08-1184 | |
| | ) Judge Joy Flowers Conti/ | |
| COL. J.E. POSKA; CAPT. W.E. | ) Magistrate Judge Amy Reynolds Hay | |
| LEGGETT, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION

I. <u>RECOMMENDATION</u>

It is respectfully recommended that the Eighth Amendment claim against Defendant Leggett, the single claim remaining in this matter after the Court's disposition of the Defendants' Partial Motion for Summary Judgment (ECF No. 23), be dismissed for failure to prosecute.

II.   <u>REPORT</u>

On June 17, 2010, the Court issued an Order (ECF No. 32) granting the Defendants' Motion to Dismiss all claims raised by the Plaintiff, with one exception: the Eighth Amendment excessive force claim against Defendant Leggett. On July 7, 2010, the Court issued a Case Management Order ( ECF No. 24) setting deadlines for additional  filings to be made by the parties.  A copy of the Case Management Order was sent to the Plaintiff, but was returned to the Court with a notation that the Plaintiff was no longer incarcerated at the facility specified in the address which the Plaintiff supplied to the Court.  The Plaintiff failed to notify Court of his change of address.  On August 12, 1010, the Court issued a Show Cause Order (ECF No. 250), returnable by August 31, 2010, directing the Plaintiff to show cause why this action should not be dismissed for his failure to advise the Court of his most recent address.  A copy of this Order was mailed to the Plaintiff at his last known address on the same day that the Order was filed.   That copy was returned to the Court with a notation that the Plaintiff was released on June 30, 2010 from the facility specified in his address.  Thus, the Plaintiff failed to comply with the Court's most recent Order to Show Cause. As of the date of this Report and

Recommendation, the Plaintiff has failed to provide the Court with an alternate address.

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the Court must consider the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984):

> (1)      The extent of the party's personal responsibility;
>
> (2)      The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3)      A history of dilatoriness;
>
> (4)      Whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5)      The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6)      The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of Reavis's claim.

Reavis's failure to notify the Court of his change of address meant that he did not receive a Case Management Order entered in this matter, and did not comply with the August 12 Order to Show Cause, despite having been given ample time in which to do so. Failure to apprise the Court of a change in address constitutes dilatory conduct and evinces a lack of personal responsibility that may rise to the level of bad faith. The Plaintiff has repeatedly failed to comply with Court orders in a timely manner. The Show Cause Order referenced in this Report and Recommendation is the third such order to have been entered in this case.

The prejudice caused to the Defendant by Reavis's failure to comply with the August 2010 Order is significant, as he must continue to prepare to defend the surviving claim without knowing

whether the Plaintiff, in fact, intends to pursue that claim.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal. Since the Plaintiff has been granted in forma pauperis status, monetary sanctions would be ineffective. More fundamentally, however, dismissal is appropriate because this case cannot proceed without Reavis's participation. Because the Court is unable to communicate with him, it is respectfully recommended that the only claim remaining in this matter be dismissed. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff may file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute waiver of any appellate rights.

Respectfully Submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

cc:    Acey Abdul Reavis
       EZ-6259
       Box 9999
       SCI Fayette
       LaBelle, PA 15450-0999

       Counsel of Record via CM-ECF